FRED W. YOUNG, Individually and as Trustee, and Another, Appellants, v. SENECA TRANSMISSION COMPANY and Another, Respondents.

PER CURIAM. We think the contract under which Young used the Richardson distribution lines was the same as the contract made between the Seneca Transmission Company and Waldron, as receiver. It was, therefore, terminated in accordance with its provisions as of August 1, 1925. Whether the consumers

on those lines were plaintiffs' customers and whether there was any unlawful interference with them were questions of fact decided by the trial court on disputed evidence. The findings relating thereto are sufficiently sustained. The finding that the town of Collins franchise was abandoned by plaintiffs' predecessors is clearly against the weight of the evidence. We think the franchise could be exercised by distribution over leased lines as well as by distribution over owned lines. The contract under which distribution was made was analogous to a lease. The lines were thus used from the time they were constructed down to the time the contract was terminated by the act of the present owner. We find no evidence of an intent to abandon. Whether defendants are estopped from attacking the ownership by plaintiffs of the franchise, by reason of having profited from its use, need not be discussed. Assuming without deciding that the attack may be made, we think it must fail. Since the franchise was essential to the conduct of the business of the Iroquois Utilities, Inc., in the town of Collins, it was to that extent necessarily used in connection with the tangible property covered by the corporate mortgage and may have come under the lien thereof within the doctrine of *New York Security Co.* v. *Saratoga Gas Co.* (88 Hun, 569; affd., 157 N. Y. 689, on opinion below). In any event the franchise was exercised by the receiver in the foreclosure action and thereby reduced to possession. We are not disposed to believe that the possession of an intangible entity was in anywise limited by a contract relating to instrumentalities by means of which that entity was in part exercised. We think it passed in full vigor to the purchaser at the foreclosure sale. The judgment should be modified so far as it affects the validity of the franchise and as so modified affirmed, without costs. Certain findings of fact and conclusions of law disapproved and reversed. Certain new findings of fact and conclusions of law made. All concur. Present — Hubbs, P. J., Clark, Crouch, Taylor and Sawyer, JJ. Judgment modified and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and new findings and conclusions made.